UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

' 2005 FEB -7 P 3: 30

U.S. DISTRICT COURT
NEW HAVEN, CT

COLLINGTON GREEN,           )
    Defendant,            )
                          )
                          )
    V.                  )    CRIMINAL NO. 3:02CR184(EBB)
                          )
                          )    CIVIL NO. 3:04CV319(EBB)
UNITED STATES OF AMERICA,   )
             Plaintiff,  )


DEFENDANT'S MOTION FOR LEAVE TO FILE
A SECOND SUPPLEMENT MEMORANDUM TO HIS
28 U.S.C. 2255, REPLY BRIEF AND AMENDMENT MOTION


**NOW COMES THE DEFENDANT:** Collington Green, Pro-se, by and through himself and pursuant to Federal Rule of Civil Procedure 15 (a) and 28 U.S.C. 2242, who respectfully moves this Honorable Court for leave to file a second supplement memorandum in support of the above mentioned petitions filed to the court on February 21, 2004, June 3, 2004, and August 1, 2004. The supplement memorandum to amend is inaccordance with the recent holdings decided cases in the United States Supreme Court in United States V. Freddie J. Booker, cite as 543 U.S.-2005 No. 04-104, and Ducan Fanfan, cite as 543 U.S.-2005 n0. 04-105.

    A petition to amend a writ to the court is governed by Federal Rules of Civil Procedure 15 (a) and 28 U.S.C. 2242 permitting and application for a writ to be amended using the rule applicable. A party may amend his petition [20] days after he has served "only by leave of the court, or by written consent of the adverse party, Fed. R.C.V.P. 15(a), or New Rules.

    In this instant, the newly above mentioned Supreme Court's rulings was not

(1)

available to company the defendant's petitions filed within the court on August 1, 2004 because the decisions were not made until January 12, 2005, and not until recently staff members of the Federal Bureau of Prisons had placed them in the facility law library where the defendant is serving his sentence.

## I S S U E   O N E

**A.** The defendant respectfully submits that the two criminal history category enhanced sentence under U.S.S.G. 4B1.1 (B) should be vacated, reversed, set aside and remanded for resentence on count one of the indictment as the defendant's Sixth Amendment Constitutional Right was violated by the government and sentencing court. This is because career criminal history category of [2] level enhanced sentence was not charged in the indictment to the Grand Jury, and it was not admitted and/or agreeable by the defendant as part of his guilty plea; inasmuch as he object to it during sentencing. <u>See indictment and sentencing transcript at page 4-6, and plea appearance report... at page 8-10.</u>

The defendant further submits that the four [4] points enhancement sentence under relevant conduct found in 2B1.1 should be vacated, reversed, set aside and remanded for resentence on count one of the indictment, as the defendant Sixth Amendment Constitutional right was violated by the government and sentencing court. This is because §2B1.1 was counted as crack under relevant conduct and enhanced the defendant's based offense level from 26-30 which was not charged in the indictment to the grand jury. Also, it was not admitted and/or agreeable by the defendant as part of his plea; inasmuch as he objected to it during sentencing. <u>Please see indictment and sentencing transcript at page 15.</u>

In <u>Blakley</u>, <u>Booker</u> and Fanfan, the Supreme Court changes the way the sentencing guidelines must be applied; that once the applicable offense guideline is selected based on the offense of conviction and or guilty plea, the offense level and any adjustment to it must now determined on the basis of relevant conduct, but only to the extent consistent with the Supreme Court's holdings. That means in addition to meeting the precise requirement of relevant conduct, any base offense level or upward adjustment §1B1.3, §2B1.1, §2D1.1, §3B1.1 and §4A1.1-2 must be charge in the indictment to the grand jury and be support by facts admitted by the defendant as part of his plea.

Here, the defendant's criminal history category of [2] and relevant conduct of [4] points were not met by the government and/or the sentencing court according to the above mentioned Supreme Court's recent rulings; Thus indeed enhanced his sentence to 78 months imprisonment, instead of a criminal history category of I, A based offense level of 23 instead of 30, and A sentence of 46 to 57 months imprisonment.

Commentorly, because the sentencing criminal history category of [2] level §4B1.1(B) and the relevant conduct §2B1.1 were not charged in the indictment to the grand jury, and the defendant did not admitted and/or agreed as part of his guilty plea, and received a increased sentence upward of [97] months; instead of 46 to 57 months imprisonment, and was not submitted to a jury and proven beyond a reasonable doubt, the defendant respectfully submits that his Sixth Amendment Constitutional Right was violated by the government and the sentencing court according to Blakley V. Washington, 204 LW 697 (June 24, 2004) United States V. Freddie J. Booker, cite as 543 U.S. 2005 No. 03-104, and Ducan Fanfan cite as No. 04-105, 2005 WL 50108, and therefore, his [97] months sentence should be vacated, reversed, set aside and remanded for resentence to [27] months accordingly.

(3)

## CONCLUSION

For all the foregoing reasons, the defendant prays that this Honorable Court vacate, reverse, set aside and remand his sentence as the defendant's Sixth Amendment Constitutional Right was violated based on Blakley, Booker, and Fanfan. "The defendant request this court to diligently revive and consider the issue present and reduce the sentence thereof." The defendant also respectfully prays for relief as mentioned above together with any other relief the court deems due and proper.

Respectfully Submitted

COLLINGTON GREEN, Pro-se
Reg. No. 14730-014
F.S.L. Elkton -Unit G/A
P.O. Box 10
Lisbon, Ohio 44432

## C E R T I F I C A T E   O F   S E R V I C E

I, Collington Green Pro-se, **HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C. §1746, that a true and complete copy of the foregoing was placed this __26__ day of January 2005, in the Special Mail Box of the F.S.L. Elkton, First Class Postage prepaid, addressed to the following:

                                            Collington Green, Pro-se
                                            Reg. No. 14730-014
                                            F.S.L. Elkton - Unit G/A
                                            P.O. Box 10
                                            Lisbon Ohio 44432

**CC:** Richard S. Cramer
     Attorney At Law
     449 Silas Deane Highway
     Wethersfield, CT. 06109


**CC:** Raymond F. Miller
     Assistant United States Attorney
     U.S. Attorney's Office
     District of Connecticut
     450 Main Street, Room 328
     Hartford, CT. 06109