**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

B-01-1

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. _3:02cr184(EBB)_ |
| v. | VIOLATIONS: |
| COLLINGTON GREEN | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Possession with Intent to Distribute 500 Grams or More of Cocaine) |

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about June 25, 2002, in the District of Connecticut, **COLLINGTON GREEN**, the defendant herein, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(B).

A TRUE BILL

_____
FOREPERSON

_____
JOHN A. DANAHER III
UNITED STATES ATTORNEY

_____
PETER S. MARKLE
CHIEF, DRUG TASK FORCE

_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY

A True Copy
ATTEST

KEVIN F. ROWE
Clerk, U. S. District Court

By...................................
          Deputy Clerk

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - x
UNITED STATES OF AMERICA,
           Plaintiff   |  CRIMINAL NUMBER
                        3:02CR184 (EBB)
        vs.          |
                        December 4, 2002
COLLINGTON GREEN,     |
         Defendant
- - - - - - - - - - -x

                    Federal Building
                    141 Church Street
                    New Haven, Connecticut

<u>GUILTY PLEA</u>

Held Before:

    The Honorable ELLEN BREE BURNS,
       Senior U.S.D.C Judge

FALZARANO COURT REPORTERS
117 N. Saddle Ridge
West Simsbury, CT  06092
860.651.0258

1    APPEARANCES:

2        For the Plaintiff:

3            UNITED STATES ATTORNEY'S OFFICE
             450 Main Street
4            Hartford, CT 06103
             860.947.1101
5                By:  RAYMOND F. MILLER, ESQ.
                     Assistant U.S. Attorney
6
         For the Defendant:
7
             RICHARD S. CRAMER, ESQ.
8            449 Silas Deane Highway
             Wethersfield, CT 06109
9            860.257.3500

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (Court commenced:  4:40 p.m.)

 2

 3              THE COURT:  Good afternoon.

 4              MR. CRAMER:  Good afternoon, your

 5    Honor.

 6              THE COURT:  Mr. Green and Mr. Cramer,

 7    would you come to the lectern, please.

 8              Mr. Green, it's my understanding it is

 9    your intention to enter a guilty plea to

10    Count 1 of the indictment against you this

11    afternoon, correct?

12              THE DEFENDANT:  Yes, ma'am.

13              THE COURT:  Before I can permit you to

14    do that, I have some questions.  The purpose

15    of my questions is to ensure that if, in

16    fact, you do change your plea, you're doing

17    so knowingly, voluntarily and with a full

18    understanding of the effects of that plea.

19              To make that judgment, I must rely on

20    the answers to questions that you give to me

21    and the truthfulness of those answers.

22    Therefore, the Clerk is going to place you

23    under oath.

24              This means, sir, if your answers are

25    not truthful, you could be charged with
```

1    perjury or false statement.  However, if for

2    any reason I feel we cannot proceed to take

3    your plea today, anything you may have said

4    to me with respect to the offense with which

5    you were charged could not be used against

6    you at the trial on that charge.  Do you

7    understand that?

8         THE DEFENDANT:  Yes, ma'am.

9

10        COLLINGTON GREEN, Defendant, being

11   first duly sworn by the Clerk, was examined

12   and testified, on his oath, as follows:

13

14        THE COURT:  Sir, have you had a chance

15   to read the charge against you in the

16   indictment?

17        THE DEFENDANT:  Yes, your Honor.

18        THE COURT:  Have you discussed it with

19   your attorney?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  Has he answered all of your

22   questions with respect to that charge?

23        THE DEFENDANT:  Yes, your Honor.

24        THE COURT:  It's my understanding,

25   Count 1 of the indictment alleges that you

1    were in possession with the intent to

2    distribute 500 grams or more of a mixture

3    and substance containing a detectable amount

4    of cocaine.

5         In other words, that you possessed

6    500 grams or more of cocaine; that you knew

7    you possessed that cocaine; and that it was

8    your intention to distribute it?

9         THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  Is that what happened?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Now, with respect to the

13   amount of cocaine involved, the indictment

14   alleges at least 500 grams, right?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you agree with that,

17   sir; is that the amount?

18        THE DEFENDANT:  Yes.

19        THE COURT:  Or something in excess of

20   500 grams?

21        THE DEFENDANT:  It's over 500 grams.

22        THE COURT:  You understand, sir, that

23   this is an offense which carries a maximum

24   possible term of imprisonment of forty years

25   and mandatory minimum term of five years.

1    Do you understand that, sir?

2         THE DEFENDANT:  Yes, your Honor.

3         THE COURT:  You also understand that if

4    you are sentenced to a term of imprisonment,

5    that I must impose upon you a term of

6    supervised release of at least four years

7    which could be as much as life.

8         Did you know that, sir?

9         THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Let me explain to you that

11    supervised release is a term that is set by

12    the judge.  It begins to run when a

13    Defendant is released from prison.  And if

14    during the term of that supervised release,

15    the Defendant violates any of the conditions

16    of his supervised release, he might be

17    required to return to prison.  In your case,

18    to serve up to three years more.  Do you

19    know that, sir?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  All right.  Also, there is

22    a provision of the statutes under which I

23    can fine you as much as twice the gain to

24    you of the offense, as allegedly committed,

25    twice the loss to anyone else, or

1      $2 million.  Are you aware of that, sir?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  And, lastly, at the time

4      you are sentenced, there is a $100 mandatory

5      special assessment which you must pay.  Do

6      you understand that also?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Sir, has anyone threatened

9      or coerced you in anyway to get you to plead

10     guilty?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  I have been presented with

13     a copy of a plea agreement and it bears

14     today's date, December 4, 2002.  Do you see

15     that letter, sir?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Did you read it?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Did you discuss it with

20     Mr. Cramer?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Did he answer all your

23     questions with respect to that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  If you have any questions,

1    now is the time to raise them.  This is your

2    chance.

3         Why don't we review it together, all

4    right?  You have this right in front of you,

5    correct?

6         MR. CRAMER:  Yes, your Honor.

7         THE COURT:  What this does is set forth

8    what the Government will do for you in

9    return for your admitting your guilt today.

10        First of all, they are agreeing to

11   recommend to me that you get a three-point

12   in the adjusted offense level because of

13   your acceptance of responsibility.  When I

14   refer to adjusted offense level, I'm

15   referring to calculation of the Sentencing

16   Guidelines.  Do you understand that?

17        THE DEFENDANT:  Yes.

18        THE COUT:  Have you discussed the

19   Sentencing Guidelines with Mr. Cramer?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  Then he's explained to you,

22   I hope, and I'm confident that if you get an

23   acceptance of responsibility, that reduces

24   your adjusted offense level by 3.

25        THE DEFENDANT:  Yes.

1        THE COURT:  You understand, sir,

2    however, even though the Government has

3    committed itself to make that

4    recommendation, if for reasons which seem

5    good to me, I believe you have not really

6    accepted responsibility, then I may not be

7    inclined to give you that credit.  Do you

8    understand that?

9        THE DEFENDANT:  I understand.

10        THE COURT:  If I should do that, I

11    would not permit you to give your guilty

12    plea, although Mr. Cramer says you could

13    raise that.  Do you understand?

14        THE DEFENDANT:  Yes.

15        THE COURT:  Now, the Government has

16    also agreed that you appear to them to be

17    what we call a career offender, but that

18    your attorney is going to ask me to make a

19    downward departure in your Sentencing

20    Guidelines because he believes whatever your

21    criminal history may be, it is

22    overrepresentative when we call you a career

23    defendant.  Do you understand that?

24        In other words, he's going to ask me to

25    reduce your sentence because he believes

1    that whatever crimes you committed in the

2    past are really not what normally a career

3    offender would be responsible for.

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Now, the Government has

6    committed itself not to oppose any such

7    motion.

8         In other words, they will not argue to

9    me that you should not receive that

10   reduction.  Do you understand?

11       However it is still my responsibility

12   to determine whether I should do that.  Do

13   you understand that?

14        THE DEFENDANT:  Yes, your Honor.

15        THE COURT:  I have to decide whether to

16   reduce your sentence as a result of that.

17        THE DEFENDANT:  I understand that.

18        MR. CRAMER:  Your Honor, agree if such

19   a departure is warranted, and they will not

20   oppose it.

21        THE COURT:  You're correct.

22       Both you and the Government have

23   reserved your right to take an appeal from

24   my sentence.  Do you understand that, sir?

25        THE DEFENDANT:  Yes.

1           THE COURT:  If you and Mr. Cramer

2     believe there's something wrong in what I

3     do, you will have the right to take an

4     appeal.  Do you understand that?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Lastly, the Government has

7     promised you that it will accept your guilty

8     plea today in satisfaction of any federal

9     criminal liability you have here in

10    Connecticut, as a result of your

11    participation in the crime which is set

12    forth in the indictment.

13          Mr. Green, do you think anybody has

14    promised you anything else?

15          THE DEFENDANT:  No, I don't think so,

16    your Honor.

17          THE COURT:  Specifically, do you think

18    that the Government or your attorney or

19    anyone has told you that if you plead guilty

20    today, you're going to receive a particular

21    sentence from me?

22          THE DEFENDANT:  No, not really.

23          THE COURT:  I'm sure Mr. Cramer has

24    given you some idea what he thinks the range

25    of sentencing will probably be.

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  But if he is wrong, he and

3 I come to different conclusions on that,

4 once again, sir, you could withdraw your

5 guilty plea.  Do you understand that?

6    THE DEFENDANT:  Okay.

7    THE COURT:  He may be right and I may

8 be wrong and it may be a basis for appeal.

9    THE DEFENDANT:  Yes, your Honor.

10    THE COURT:  But I would not permit you

11 to withdraw your guilty plea.  Do you

12 understand that?

13    THE DEFENDANT:  Yes.

14    THE COURT:  So, his statement to you as

15 to what he thinks the sentence will be is

16 not a commitment that you're actually going

17 to get that sentence.  Do you understand?

18    THE DEFENDANT:  Yes, your Honor.

19    THE COURT:  If at any point when I'm

20 questioning you, anything that I have to

21 say, if you don't understand what I'm

22 talking about or you want to ask me a

23 question, please feel free to do that.  Will

24 you do that?

25    THE DEFENDANT:  Okay, your Honor.

1          THE COURT:  If you do plead guilty

2     today, what is going to happen, the

3     Probation Department will begin to prepare a

4     report that's referred to as Presentence

5     Report; and that report will contain

6     information about this crime, information

7     which is provided by the Government and

8     anything that you want to say about it.

9          It will also contain information about

10    you as an individual.  That is, we will know

11    about your education, your family, your

12    criminal record, your employment history.

13    All of those personal items will be set

14    forth in the presentence report also.

15         Furthermore, the probation officer will

16    make her estimate of what your sentencing

17    guideline range may be.

18         When all of this is done, sir, that

19    report will be made available to you and

20    your attorney and to the Government.  But it

21    might be that you or the Government would

22    object to something in the report; either to

23    factual statements that are made or to the

24    way in which the probation officer

25    calculated your guidelines.

1        If either or both raise such objection,

2    the probation officer will attempt to

3    resolve them.  If she cannot do that, then I

4    will have to do it at the time of

5    sentencing.  Do you understand sir?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  If, however, I resolve

8    those objections, either you or the

9    Government would have an opportunity to

10   appeal.  Do you understand that?

11       THE DEFENDANT:  Yes, your Honor.

12       THE COURT:  Now, ordinarily, a court

13   will sentence a Defendant within its

14   guideline range.  However, under certain

15   circumstances, I have the authority to go

16   above or below that range.  Did you know

17   that?

18       THE DEFENDANT:  Yes, I understand that.

19       THE COURT:  Bear in mind, there is a

20   five-year mandatory sentence.  I can't go

21   below that.  Do you understand?

22       THE DEFENDANT:  Yes.

23       THE COURT:  Whatever the guideline

24   range may be, if it seems appropriate, I may

25   be able to depart below that range,

1    particularly since Mr. Cramer and you are

2    going to be asking me to do so; or I can go

3    above the range if it seems to me to be

4    appropriate to do that.

5         Should I elect to do either one of

6    those things, you or the Government could

7    appeal my sentence.  Do you understand?

8         THE DEFENDANT:  Yes, your Honor.

9         THE COURT:  If we were to go to trial,

10   what would the Government's proof be,

11   please?

12        MR. MILLER:  Thank you, your Honor.  If

13   this case were to go to trial, the

14   Government would offer testimony, on or

15   about June 25, 2002, the Defendant was

16   stopped in a black Nissan Maxima in

17   Hartford, Connecticut and was arrested on

18   the basis of a previously issued INS

19   warrant.

20        The search incidence of that arrest

21   revealed a Saran wrap package was contained

22   in a child safety seat in the rear passenger

23   compartment of the rear of the vehicle; that

24   Saran wrap package contained a large amount

25   of a white, powdery substance; that

1    subsequent lab tests revealed was 86 percent

2    pure cocaine hydrochloride.

3         Additionally, laboratory tests revealed

4    the net weight of that powdery substance was

5    powdered cocaine, your Honor, was 990.1

6    grams.  That's net weight; the weight

7    without any packaging associated with it.

8         Additionally, the evidence would show

9    subsequent to his arrest, the Defendant

10   admitted to the Drug Enforcement Agency, he

11   received this material from another

12   individual on the prior day.

13        If the case were to go to trial, your

14   Honor, that's a portion of the evidence that

15   the Government would offer.

16        THE COURT:  Mr. Green, do you challenge

17   any of those statements made by the

18   Assistant United States Attorney?

19        THE DEFENDANT:  No, your Honor.

20        THE COURT:  Mr. Cramer, do you sir?

21        MR. CRAMER:  No, your Honor.

22        THE COURT:  Sir, do you understand that

23   you could persist in your plea of not

24   guilty.  As a matter of fact, we were

25   scheduled to select a jury for your trial

1      tomorrow.  Do you know that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  You're entitled to a trial,

4      to a jury of twelve persons, and it would be

5      the Government's burden to prove you guilty

6      beyond a reasonable doubt to the unanimous

7      satisfaction of those twelve persons before

8      you could be found guilty of that offense.

9      Do you understand that, sir?

10             THE DEFENDANT:  Yes.

11             THE COURT:  At that trial you could be

12     represented by an attorney.  If you could

13     not afford the services of an attorney, the

14     court would provide one for you.  Do you

15     understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  You would not have to

18     testify or incriminate yourself in any way.

19     Do you know that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  On the other hand, if you

22     wish to testify, Mr. Green, you could do so

23     and you could offer other evidence on your

24     behalf.  Do you know that?

25             THE DEFENDANT:  Yes, your Honor.

Falzarano Court Reporters

1　　　　　THE COURT:  Lastly, through your

2　　attorney, you could cross-examine the

3　　Government's witnesses against you.  Do you

4　　understand that?

5　　　　　THE DEFENDANT:  Yes, your Honor.

6　　　　　THE COURt;  If you plead guilty,

7　　Mr. Green, there will be no trial and the

8　　next proceeding in court is for me to impose

9　　sentence.  Do you also understand that?

10　　　　　THE DEFENDANT:  Yes, your Honor.

11　　　　　THE COURT:  Now, by the way, sir, have

12　　you taken any substance, any medicine or

13　　anything today that would in any way

14　　interfere with your ability to understand

15　　what I've been saying?

16　　　　　THE DEFENDANT:  No.

17　　　　　THE COURT:  Is there any question you

18　　would like to ask me, or your attorney for

19　　that matter?

20　　　　　THE DEFENDANT:  No.

21　　　　　THE COURT:  You're satisfied that you

22　　understand the proceedings and ramifications

23　　of these proceedings?

24　　　　　THE DEFENDANT:  Yeah, I think so --

25　　yes, I think so, your Honor.

1      THE COURT:  If you have any hesitancy

2  about that, sir, any question about that, I

3  wish you would tell me what your problem is.

4      THE DEFENDANT:  No, your Honor.

5      THE COURT:  You do admit you are guilty

6  of this offense?

7      THE DEFENDANT:  Yes, your Honor.

8      THE COURT:  And it involved more than

9  500 grams of cocaine?

10      THE DEFENDANT:  Yes, your Honor.

11      THE COURT:  Mr. Cramer, do you know any

12  reason why I shouldn't accept a guilty plea

13  from your client?

14      MR. CRAMER:  No, your Honor.

15      THE COURT:  Is it your wish to plead

16  guilty, Mr. Green?

17      THE DEFENDANT:  Yes, your Honor.

18      THE COURT:  The Court finds that

19  there's a factual basis for a plea of

20  guilty.  Such a plea is entered.  It will be

21  knowingly and voluntarily made and the

22  Defendant may be put to plea.

23      THE CLERK:  Do you waive the reading of

24  the indictment?

25      MR. CRAMER:  We'll waive the reading of

1     the indictment.

2          THE CLERK:  In the case of United

3     States of America versus Collington Green,

4     Criminal Number 3:02CR184, as to Count 1 of

5     the indictment charging you with violation

6     of Title 21 United States Code Sections 841

7     (a)(1) and 841 (1)(b), what is your plea?

8          THE DEFENDANT:  Guilty.

9          THE CLERK:  Your Honor, the Defendant

10    pleads guilty to Count 1 of the indictment.

11         THE COURT:  Thank you.  Plea is

12    accepted and sentencing date is

13    February 21, 2003 at 9:00 a.m., gentlemen.

14    The Defendant is in custody is; is that

15    correct?

16         MR. CRAMER:  Yes, your Honor.

17         THE COURT:  Is there anything further?

18         MR. MILLER:  Not from the Government,

19    your Honor.

20         MR. CRAMER:  No, your Honor.

21         MR. MILLER:  The record should reflect

22    I provided a six-page copy of the plea

23    agreement bearing today's date.  I provided

24    that to the Defendant and I believe they're

25    executing it at this time.  Mr. Green is

1    currently signing that agreement.

2        THE COURT:  Mr. Green, you're doing

3    that; you have read it and discussed it with

4    your attorney?

5        THE DEFENDANT:  Yes.

6        THE COURT:  You have no questions about

7    the contents of that document, do you,

8    Mr. Green?  Any questions about the

9    agreement?

10        THE DEFENDANT:  I asked my attorney

11    about the sentence.

12        THE COURT:  I'm sure you discussed the

13    possible sentence with him, sir?

14        THE DEFENDANT:  Yes, your Honor.

15        MR. CRAMER:  Mr. Green has limited

16    education.  What he's saying, we discussed

17    the sentence.  I told him only the Court

18    knows what sentence will be imposed.

19        I told him what I would like to get and

20    what I'll make every effort to get; and I

21    told him what I think is the key to the

22    agreement; that the Government will agree

23    that downward departure is warranted; and I

24    told him although that doesn't guarantee a

25    downward departure, it takes us considerably

1    a long way down the road in my opinion.

2         THE COURT:  Sir, I don't know what your

3    sentence is going to be.  Neither the

4    Government, nor your attorney can tell you.

5    I can't.  I can only do that until I get all

6    the information I referred to before which

7    will be in the presentence report.

8         If your attorney will file a motion for

9    downward departure, he will accompany that

10    with a memoranda as to why I should grant

11    that motion.  That's what's going to happen.

12    All of us do not know what your sentence is

13    going to be.

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  But you can be assured it

16    will be no less than five years and no more

17    than forty.

18         MR. CRAMER:  Thank you, your Honor.

19         MR. MILLER:  Thank you, your Honor.  (

20

21         (Court adjourned:  5:00 p.m.)

22

23

24

25

1                          CERTIFICATE

2

3          I hereby certify that the foregoing 22 pages

4   are a complete and accurate computer-aided

5   transcription of my original stenotype notes taken in

6   the Guilty Plea in the Matter of USA vs. Collington

7   Green, which was held before the Honorable Ellen Bree

8   Burns, Senior U.S.D.C. Judge, U.S. District Court,

9   141 Church Street, New Haven, Connecticut, on

10  December 4, 2002.

11

12          *Dolores A. Falzarano*
            Dolores A. Falzarano, RMR, LSR 111
13          Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

                  Falzarano Court Reporters