FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT 2005 MAR 14 P 2: 34

U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 3:02CR184 (EBB) |
| | ) | CIVIL NO: 3:04CV319 (EBB) |
| -v- | ) | |
| | ) | |
| COLLINGTON GREEN, | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S SECOND
### RESPONSE TO DISMISS AND DENIED

**COMES NOW THE DEFENDANT:** Collington Green, Pro-se, in the above mentioned
case number section 2255 proceedings who respectfully submits his reply to the
government's 8 pages response motion dated February 25, 2005 to summary dismiss
and denied. The defendant submits said response motion is meritless and move the
court to over-rule it because <u>Booker</u> and <u>Fanfan's</u> Sixth Amendment New Rule simply
"reaffirmed" [its] holding in Apprendi retroactively to the defendant's claims.

### OBJECTION REPLY ARGUMENT NUMBER ONE

In the defendant supplement memorandum dated January 26, 2005 to amend
his §2255 in accordance with the holding decided case in the United States
Supreme Court, <u>Booker</u> and <u>Fanfan</u> that the sentencing court "plainly erred" in
this regard by imposing a sentence that was greater than the maximum authorized

(1)

by facts not found by the jury nor admitted and agreeable by the defedant which violated Mr. Green's Sixth Amendment Constitutional Rights.

The government contents at page 1-6 that the defendant's Booker and Blakely are not however, retroactively applicable to cases on a collateral review, and asserted that it is without merit and should be summarily dismissed according to the reasons set forth in its previously filed response (Docs. 31 and 41); That the principle adopted in Booker, like the principle adopted in Blakely, constitutes a "new constitutional rule of criminal procedure" which under Teague V. Lane, 489 U.S. 288 (1989), is not retroactively applicable to cases like the petitioner's that became final before the decision was announced; and Booker it self represents the establishment of new rule adopted federal system; that the petitioner's convictions and sentences became final well before Booker was issued, and its approached therefore does not govern these collateral proceedings; that ("to the extent petitioner relies on Booker, he cannot so prevail, because the decision in Booker is not retroactive for purposes of §2255 collateral attact"); and because Booker like Blakely and Ring, is based on an extension of Apprendi, defendant cannot show that the Supreme court has made that decision retroactive to cases already final on direct review ; Hamin V. United States, 2005 WL 102959 (D.Me. Jan.19, 2005). See government's response brief (page 1-2)

The defendant respectfully objects to the government's wrongful assertions and stand by Pre-Booker, Fanfan, Blakely and Apprendi arguments presented in his initial motions, and alleges that the pleadings which the government presented before the court are insufficient to summarily dismiss and denied the relief sought, and ask this Honorable court to strike it because the government "consentaneously and/or concurred" to Fanfan's opinion which applied retroactive to the defendant.

The Government also contents and mistakenly used approximately 15 case law to support its argument that the defendant's February 21,2003 sentence became final, and Booker is not retroactive applicable to him according to Teague V. Lane, 489 U.S. 288 (1989); McReynolds V. United States, 2005 WL 237642 (7th Cir. Feb. 2, 2005), Tuttamore V. United States, 2005 WL 234368 (N.D. Ohio Feb. 1, 2005), Gerrish V. United States, 2005 WL 159642 (D.Me. Jan. 25, 2005),Green V. United States, 2005 WL 237204 (2d Cir. Feb. 2,2005), Ring V. Arizona, 536 U.S. 584(2005). This above mentioned is unreasonable and misleading because the defendant pleaded and sentenced under the prescribed statutory of Apprendi and it could not became final yet. For example, in Blakely V. Washington, 124 S.Ct. 2531; 159 L.Ed. 2d 403; 2004 U.S. LEXIS 4573 (6-24-04), the Supreme Court clarified that Apprendi applies anytime facts supporting a criminal defendant's sentence are neither abmitted by the defendant in a plea colloquy nor found by a jury. The court added that "the 'statutory maximum' for Apprendi purpose is the maximum sentence a Judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Id. 2004 U.S. LEXIS 4573 at ** 14.(quoting Ring V. Arizona, 536 U.S. 584, 602, 153 L.Ed. 2d 556,122 S.Ct. 2428 (2002).

In United States V. Booker, 543 U.S.____,2005 U.S. LEXIS 628 (1-12-05, Justice Stevens, writing for the Supreme Court, held that Blakely and Apprendi applied to the United States Sentencing Guidelines ("Guidelines") or "sentencing Reform Act of 1984" ("Act"), in addition to the United States Code. In a seperate opinion written by Justice Breyer for a different 5-4 majority in Booker, however, the impact of the Stevens opinion was held to be that the Guidelines can no longer be mandatory, although Judges must consult them, subject to an apeals court's review based on a standard of "reasonableness". Therefore, the government's argument must not stand, it should be strike and denied in favor of the defendant.

2.)    **THE COURT CAN AND PROPERLY SHOULD RETROACTIVELY APPLY *UNITED STATES V. BOOKER* IN MR. GERALDO'S CASE.**

In *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), the Supreme Court held that a new rule of law will not be applied to cases on collateral review where conviction was final prior to the new rule's announcement. 489 U.S. at 310, 109 S. Ct. at 1075. There are, however, two narrow exceptions to *Teague's* non-retroactivity rule. The first exception permits retroactive application to new rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 307, 109 S. Ct. at 1073. The second exception allows retroactive application of new rules that involve procedures that are "implicit in the concept of ordered liberty." *Id*.

Notably, the retroactivity analysis of *Teague* is <u>not</u> implicated where a new rule of law is not "new". A rule is not "new" where it was "dictated" by prior Supreme Court precedent. *Blakely v. Washington*, 2004 U.S. LEXIS 4573 **47-48 (6-24-04) (Justice O'Connor, dissenting) (quoting *Teague v. Lane*, 489 U.S. 288, 301, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989) (plurality opinion) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")). *Blakely* was "dictated" by *Apprendi*[7], and *Booker* was dictated by both cases[8] so it is not a "new" rule. *Id*.

---

[7] *United States v. Booker*, 543 U. S. ____, 2005 U.S. LEXIS 628 **25-26 (1-12-05); *United States v. Pirani*, 2004 U.S. App. LEXIS 16117 **34-35 (8th Cir. 8-5-04) ("Properly viewed, *Blakely* does not announce a new rule of law ... but rather recasts our understanding of the *Apprendi* rule by clarifying the meaning of the phrase 'statutory maximum.'"); *United States v. Rodriguez-Marrero*, 2004 U.S. App. LEXIS 23291 **78 (1st Cir. 11-5-04) (same); *Patterson v. United States*, 2004 U.S. Dist. LEXIS 12402 (ED MI 6-25-04) (*Blakely* retroactively applicable on collateral review if defendant's sentence was not yet "final" when *Apprendi* was decided on 6-26-00) (collecting cases). Even if the lower courts did not believe or understand that *Apprendi* "dictated" that the relevant "statutory maximum" included the various guideline sentencing ranges of the Guidelines as subsequently explained in *Blakely*, this does not alter the analysis. *Blakely* was predictated on the fact that it was dictated by *Apprendi*. This is apparent throughout

Since *Booker* was "dictated" by *Apprendi v. New Jersey*, 530 U.S. ___, 147 L. Ed. 2d 435, 120 S. Ct. 2348; 2000 U.S. LEXIS 4304 (6-26-00), and since Mr. Green's sentence was not final on 6-26-00, within the meaning of *Clay v. United States*, 123 S. Ct. 1072; 155 L. Ed. 2d 88; 2003 U.S. LEXIS 1943 (2003), he is therefore entitled to and properly should be granted the benefit of review of his sentence in light of *United States v. Booker*, 543 U. S. ___, 2005 U.S. LEXIS 628 (1-12-05). See *United States v. Booker*, 543 U. S. ___, 2005 U.S. LEXIS 628 **86 (1-12-05); *Blakely*, 2004 U.S. LEXIS 4573 at **47-48; *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989).

*Schriro v. Summerlin*, 124 S. Ct. 2519; 159 L. Ed. 2d 442; 2004 U.S. LEXIS 4574 (6-24-04), which held that *Ring v. Arizona*, 536 U.S. 584; 122 S. Ct. 2428; 153 L. Ed. 2d 556; 2002 U.S. LEXIS 4651 (2002) was not retroactively applicable to that case, does not compel a different result.

First, *Ring v. Arizona*, 536 U.S. 584; 122 S. Ct. 2428; 153 L. Ed. 2d 556; 2002 U.S. LEXIS 4651 (2002) required the Supreme Court to "overrule" *Walton v. Arizona*, 497 U.S. 639, 111 L. Ed. 2d 511, 110 S. Ct. 3047 (1990). *Id.* 536 U.S. at 589, 153 L.Ed.2d at 564. See also *Schriro v. Summerlin*, 124 S. Ct. 2519; 159 L. Ed. 2d 442, 2004 U.S. LEXIS 4574 (6-24-04). By contrast, neither *United States v. Booker*, 543 U. S. ___, 2005 U.S. LEXIS 628 (1-12-05) nor *Blakely v. Washington*, 124 S. Ct. 2531; 159 L. Ed. 2d 403; 2004 U.S. LEXIS 4573 (6-24-04) overruled any Supreme Court case. They merely clarified *Apprendi v. New Jersey*, 530 U.S. ___,

---

the decision. *Blakely v. Washington*, 2004 U.S. LEXIS 4573 **10-15 (6-24-04). In particular, Justice Scalia pointed out,

> ***Our precedents make clear*** ... that the "statutory maximum" for *Apprendi* purposes is the maximum [*14] sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

*Blakely*, 2004 U.S. LEXIS 4573 at **13-14. (emphasis added) (citations omitted).

[8] *United States v. Booker*, 543 U. S. ___, 2005 U.S. LEXIS 628 **25-34 (1-12-05)

147 L. Ed. 2d 435, 120 S. Ct. 2348; 2000 U.S. LEXIS 4304 (6-26-00). Since they only clarified

*Apprendi*, they did not announce a "new rule" and *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d

334, 109 S. Ct. 1060 (1989) is not implicated. ). *Blakely v. Washington*, 2004 U.S. LEXIS 4573

**47-48 (6-24-04). [9]

Moreover, even if one does not distinguish *Ring* on the basis that it required the Court to

overrule *Walton v. Arizona*, one still cannot read *Schriro v. Summerlin* as "holding" that <u>Booker</u> is

not retroactively applicable. This is because the sentence and judgment in *Schriro v. Summerlin*

was "final" in **_1983_**, which was **_17 years before Apprendi was decided on 6-26-00_**. See *Schriro*

*v. Summerlin*, 124 S. Ct. 2519; 159 L. Ed. 2d 442; 2004 U.S. LEXIS 4574 **4 (6-24-04) (citing

*State v. Summerlin*, 138 Ariz. 426, 675 P.2d 686 (1983)). By contrast, Mr. Green's sentence

was not yet final when *Apprendi* was decided. The Supreme Court was not presented with the

argument, did not decide, and could not decide whether Summerlin would have been eligible for

---

[9] Even if the lower courts did not believe or understand that *Apprendi* "dictated" that the relevant "statutory maximum" included the various guideline sentencing ranges of the Guidelines as subsequently explained in *Blakely*, this does not alter the analysis. *Blakely* was predicated on the fact that it was dictated by *Apprendi*. This is apparent throughout the decision. *Blakely v. Washington*, 2004 U.S. LEXIS 4573 **10-15 (6-24-04). In particular, Justice Scalia pointed out,

> *Our precedents make clear* ... that the "statutory maximum" for *Apprendi* purposes is the maximum [*14] sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

*Blakely*, 2004 U.S. LEXIS 4573 at **13-14. (emphasis added) (citations omitted) See *United States v. Pirani*, 2004 U.S. App. LEXIS 16117 **34-35 (8th Cir. 8-5-04) ("Properly viewed, *Blakely* does not announce a new rule of law ... but rather recasts our understanding of the *Apprendi* rule by clarifying the meaning of the phrase 'statutory maximum.'"); *United States v. Rodriguez-Marrero*, 2004 U.S. App. LEXIS 23291 **78-79 (1st Cir. 11-5-04) (*Blakely* "clarified" that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.); *United States v. Koch*, 383 F.3d 436; 2004 U.S. App. LEXIS 18138 **24 (6th Cir. 2004) ("In *Blakely*, the Court built upon and clarified the rule announced in *Apprendi*"); *United States v. Shamblin*, 323 F. Supp. 2d 757; 2004 U.S. Dist. LEXIS 12288 (SD WV 2004) (same); *Patterson v. United States*, 2004 U.S. Dist. LEXIS 12402 (ED MI 6-25-04) (*Blakely* retroactively applicable on collateral review if defendant's sentence was not yet "final" when *Apprendi* was decided on 6-26-00) (collecting cases).

relief under *Ring* if Summerlin's case was still on direct appeal when *Apprendi* was decided in 2000, much less if Summerlin would have been eligible for relief under *Booker* if Summerlin's case was still on direct appeal in 2000. *United States National Bank of Ore. v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 463, n. 11 (1993) (emphasizing "the need to distinguish an opinion's holding from its dicta").

Based on all of the foregoing facts and law, this Court should hold that *United States v. Booker*, 543 U. S. ____, 2005 U.S. LEXIS 628 (1-12-05) is not a new rule of criminal procedure but was instead "dictated" by *Apprendi v. New Jersey*, 530 U.S. ___, 147 L. Ed. 2d 435, 120 S. Ct. 2348; 2000 U.S. LEXIS 4304 (6-26-00).

Based on all of the foregoing, the Court can and properly should retroactively apply *United States v. Booker*, 543 U. S. ____, 2005 U.S. LEXIS 628 (1-12-05) in Mr. Green's case. The government assertions must be strike over-rule, and denied in the best interest of justice.

# C O N C L U S I O N

For all the foregoing reasons, the defendant prays that this Honorable Court vacate, reverse, set aside and remand his sentence as the defendant's Sixth Amendment Constitutional Right was violated based on Blakley, Booker, and Fanfan. "The defendant request this court to diligently revive and consider the issue present and reduce the sentence thereof". The defendant also respectfully prays for relief as mentioned above together with any other relief the court deems due and proper.

Respectfully Submitted

COLLINGTON GREEN, Pro-se
Reg. No. 14730-014
F.S.L. Elkton -Unit G/A
P.O. Box 10
Lisbon, Ohio 44432

March 8, 2005

## CERTIFICATE OF SERVICE AND MAILING

I,  COLLINGTON GREEN  HEREBY SWEAR:  under penalty of perjury pursuant to 28 U.S.C. §1746, that a true and complete copy of the foregoing was placed this 8th day of march, 2004, in the Special Mail Box of the F.S.L. Elkton, First Class Postage prepaid, addressed to the following:

COLLINGTON GREEN, Pro-Se
Reg. No.
F.S.L. ELKTON  UNIT G/A
P.O. BOX 10
LISBON, OHIO 44432

CC: U.S. ATTORNEY, ESQ.

CC: ATTORNEY RICHARD CRAMER, ESQ.

(9)



COPY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COLLINGTON GREEN                   :      Civil No. 3:04CV319(EBB)
                                   :      Criminal No. 3:02CR184(EBB)
            V.                     :
                                   :
UNITED STATES OF AMERICA           :      February 25, 2005

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO VACATE AND SET ASIDE THE SENTENCE

On or about February 7, 2005, the petitioner filed a second supplemental memorandum

arguing that his sentence should be vacated, reversed and set aside under the Supreme Court's

decisions in United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S.

Ct. 2531 (2004).  Booker and Blakely are not, however, retroactively applicable to cases on a

collateral review.  Accordingly, and for the reasons set forth in the Government's previously-

filed responses (Docs. 31 and 41), the defendant's petition is without merit and should be

summarily dismissed.

On January 12, 2005, the United States Supreme Court, in United States v. Booker,

extended the holding of Blakely v. Washington, 124 S. Ct. 2531 (2004), to the United States

Sentencing Guidelines.  Under Booker, therefore, the United States Sentencing Guidelines are no

longer mandatory.  The Government respectfully submits that the principle adopted in Booker,

like the principle adopted in Blakely, constitutes a "new constitutional rule of criminal

procedure" which, under Teague v. Lane, 489 U.S. 288 (1989), is not retroactively applicable to

cases -- like the petitioner's -- that became final before the decision was announced.

In McReynolds v. United States, 2005 WL 237642 (7th Cir. Feb. 2, 2005), the Seventh

Circuit held that "Booker does not apply retroactively to criminal cases that became final before

its release on January 12, 2005. . . . Booker itself represents the establishment of a new rule about the federal system. Petitioners' convictions and sentences became final well before Booker was issued, and its approach therefore does not govern these collateral proceedings." Id. at *5; see Warren v. United States, 2005 WL 165385, at *9-10 (D. Conn. Jan. 25, 2005) (Thompson, J.) (Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely and Booker do not "afford[] relief" to the petitioner on collateral attack); see also, e.g., United States v. Russell, 2005 WL 281183 (E.D. Pa. Feb. 3, 2005) (Booker not retroactive); Tuttamore v. United States, 2005 WL 234368 (N.D. Ohio Feb. 1, 2005) ("To the extent that petitioner relies on Booker, he cannot so prevail, because the decision in Booker is not retroactive for purposes of § 2255 collateral attacks"); Gerrish v. United States, 2005 WL 159642 (D. Me. Jan. 25, 2005) (same); cf. Green v. United States, 2005 WL 237204 (2d Cir. Feb. 2, 2005) (motion to file second or successive application on the basis of Booker denied since Supreme Court has not explicitly made Booker or Blakely retroactive on collateral attack; In re Anderson, 2005 WL 123923 (11th Cir. Jan 21, 2005) ("because Booker, like Blakely and Ring, is based on an extension of Apprendi, defendant cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review"); Hamlin v. United States, 2005 WL 102959 (D. Me. Jan. 19, 2005) (same).

The Government respectfully submits that the Court should follow the Seventh Circuit's reasoning in McReynolds and of the other courts which, to date, have found Booker unavailable on collateral attack. McReynolds relied on Schriro v. Summerlin, 124 S. Ct. 2519 (2004), a case in which the Supreme Court considered whether Ring v. Arizona, 536 U.S. 584 (2002), applied retroactively to cases that had already become final when Ring was decided. Ring had held that because Arizona law authorized the death penalty only if an aggravating factor was present,

2

Apprendi required the existence of such a factor to be proved to a jury rather than to a judge. Summerlin's conviction and death sentence, which was imposed under the same Arizona law that was at issue in Ring, became final long before Ring was decided.

The Supreme Court held that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." 124 S. Ct. at 2526. The Court explained that a "new rule" resulting from one of its decisions applies to convictions that are already final only in limited circumstances. New *substantive* rules generally apply retroactively, but new *procedural* rules generally do not -- only "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" are given retroactive effect. Id. at 2523 (internal quotation marks omitted). The Court concluded that Ring's holding is properly classified as procedural, rather than substantive, because it did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, it merely changed the method of determining whether the defendant engaged in that conduct. Id. at 2523-24. The Court also held that Ring did not fall within Teague's narrow exception for "watershed rules" of criminal procedure. To qualify as a watershed rule, the Court explained, a new procedural rule must be one "without which the likelihood of an accurate conviction is *seriously* diminished." Id. at 2523 (quoting Teague, 489 U.S. at 313) (emphasis added in Summerlin). The Court held that Ring did not announce a watershed rule of criminal procedure because it could not confidently say that judicial fact finding seriously diminishes the accuracy of capital sentencing proceedings. Id. at 2424-25.

Consistent with the reasoning of Summerlin, the Second Circuit had earlier joined every other Court of Appeals to have considered the issue in holding that because Apprendi announced

a procedural rule that does not fall within the "watershed" exception, it was not retroactively

applicable to cases on collateral review.  See Coleman v. United States, 329 F.3d 77 (2d Cir.),

cert. denied, 124 S. Ct. 840 (2003).[1]  Importantly, the Second Circuit in Coleman held that

Apprendi was not a watershed rule -- not only despite the difference between using the jury and

the judge as factfinder – but also despite the difference in the two burdens of proof (i.e.,

preponderance-of-the-evidence v. beyond-a-reasonable-doubt).

    In Coleman, the court pointed out that in order to constitute a "watershed" rule of

criminal procedure, "a rule must not only improve the accuracy of criminal proceedings, but also

alter our understanding of the bedrock procedural elements essential to the fairness of those

proceedings.  In short, it must be a groundbreaking occurrence."  329 F.3d at 88 (internal

quotation marks, alterations, and citations omitted).  "Apprendi did not cut a new rule from

whole cloth. It merely clarified and extended the scope of two well-settled principles of criminal

procedure: the defendant's right to a jury trial and the government's burden of proof beyond a

reasonable doubt."  Id. at 89 (internal quotation marks omitted).  This conclusion was supported

by the consistent holdings of the Supreme Court and the Second Circuit that Apprendi errors may

be reviewed for harmlessness, and not structural error -- a conclusion that would have stood in

_____

    [1]Accord Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); United States v.
Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 124 S. Ct. 458 (2003); United States v. Sanders,
247 F.3d 139 (4th Cir.), cert. denied, 534 U.S. 1032 (2001); United States v. Brown, 305 F.3d
304 (5th Cir. 2002), cert. denied, 538 U.S. 1007 (2003); Goode v. United States, 305 F.3d 378
(6th Cir.), cert. denied, 537 U.S. 1096 (2002); Curtis v. United States, 294 F.3d 841 (7th Cir.),
cert. denied, 537 U.S. 976 (2002); United States v. Moss, 252 F.3d 993 (8th Cir. 2001), cert.
denied, 534 U.S. 1097 (2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.), cert.
denied, 537 U.S. 939 (2002); United States v. Mora, 293 F.3d 1213 (10th Cir.), cert. denied, 537
U.S. 961 (2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001), cert. denied, 536 U.S.
906 (2002).

tremendous tension with a determination that Apprendi announced a watershed rule, see id. at

89-90 -- that is, one of the "small core of rules requiring the observance of those procedures that

. . . are implicit in the concept of ordered liberty." Id. at 88 (quoting United States v. Mandanici,

205 F.3d 519, 528 (2d Cir. 2000) (quoting, in turn, Graham v. Collins, 506 U.S. 461, 478

(1993))).

Coleman involved a determination that a change in the identity of the relevant fact-finder

*and* an increase in the burden of proof were insufficient to constitute a "watershed" rule of

criminal procedure. Because Booker did not entail either of those changes -- but instead

maintained the identity of the fact-finder at sentencing, as well as the preponderance of the

evidence standard -- it follows, *a fortiori*, that Booker's rule falls short of being a "watershed"

rule. Indeed, as the Second Circuit recently ruled in United States v. Crosby, 2005 WL 240916

(2d Cir. Feb. 2, 2005), the district court might very well have imposed the same sentence

regardless of whether the Guidelines were binding (as before Booker) or advisory (after Booker),

and that district judges might impose higher *or* lower sentences in Booker's wake. In view of the

fact that Booker simply restores some additional measure of discretion to sentencing judges, its

holding simply does not shift the foundations of American constitutional law and, hence, does

not apply retroactively on collateral attack.

Booker entailed an extension of the procedural rule announced in Apprendi that factual

findings that increase the maximum penalty permitted by law must be found by a jury beyond a

reasonable doubt. The Supreme Court has defined a "new rule" under Teague as one that was

not "'*dictated* by precedent existing at the time the defendant's conviction became final.'"

Graham v. Collins, 506 U.S. at 467 (quoting Teague, 489 U.S. at 301 (emphasis in Teague)); see

Sawyer v. Smith, 497 U.S. 227, 234 (1990). Subsequent decisions have made clear that a rule may be "new" despite the fact that earlier cases supported it, Sawyer, 497 U.S. at 236, "or even control or govern" it, Saffle v. Parks, 494 U.S. 484, 491 (1990). Under that definition, Booker announced a new rule for Teague purposes.

Moreover, while not directly addressing the retroactivity of its extension of Blakely to the Sentencing Guidelines and its holding that those Guidelines would be advisory, the "merits majority" of Booker went out of its way to clarify that its holding on the merits and the remedy of the Sixth Amendment claim was to apply "to all cases on direct review." 2005 WL 50108 at *29 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987): "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."). This statement has already been read by one court, in the context of a successive petition, as limiting the application of the rule to cases in the direct review pipeline especially in view of the fact that the Supreme Court has already concluded that Ring v. Arizona, 536 U.S. 584 (2002), a case which applied the principle of Apprendi to death sentences imposed on the basis of aggravating factors, was not to be applied retroactively to cases on collateral review. See Hamlin v. United States, 2005 WL 102959 at *1 (citing Schriro v. Summerlin, 124 S. Ct. at 2519, 2526 (2004) ("Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review")); see also Stevens v. United States, 2005 WL 102958 (D. Me. Jan 18, 2005).[2]

---

[2] One court, declining to decide whether the rule announced in Blakely/Booker applies retroactively, held that, even if those cases were retroactively applied, relief would be limited to persons presently serving a sentence that was enhanced on the basis of contested facts that were

## CONCLUSION

For the reasons stated in the Government's April 30, 2004 response (Doc. 31), the

Government's August 18, 2004 response (Doc. 41) and herein, and based upon the full record, it

is respectfully submitted that the petitioner's motion to vacate, set aside and correct his sentence

should be summarily denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct25326
450 Main Street
Hartford, Connecticut  06103
Telephone (860) 947-1101

---

not found to be true, beyond a reasonable doubt, nor admitted by the defendant. See United
States v. Siegelbaum, 2005 WL 196526 at *3 (D. Or. Jan. 26, 2005). The court noted that only if
a defendant actually disputed the facts that resulted in the sentence enhancement, and the court
decided the matter against him, can the defendant show that he may have been prejudiced by
application of the wrong standard of proof and, to vacate a sentence enhancement on the basis of
Blakely/Booker, when a defendant never disputed the facts upon which that enhancement was
premised, would confer an unwarranted windfall.

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing memorandum was mailed this 25th day of February 2005, to:

Collington Green
Register No. 14730-014
FSL Elkton
P.O. Box 10
Elkton, Ohio 44432

Richard Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY