C O L L I N G T O N    G R E E N

F.S.L. ELKTON  P.O. BOX 10  LISBON OHIO 44432 REG.NO. 14730-014 UNIT G/A

U.S. DISTRICT COURT
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE
NEW HAVEN, CT. 06510

2005 MAR 21  P 1: 42

MARCH 14, 2005
U.S. DISTRICT COURT
NEW HAVEN, CT

RE: COLLINGTON GREEN VS. UNITED STATES
CASE NO. 3:02CR184(EBB)
CIVIL NO. 3:04LV319(EBB)

Dear Honorable Judge Burns,

On March 8, 2005, I submitted a reply brief to the government's response motion dated February 25, 2005. On March 11, 2005 my family sent me the opinion on Shepard V. United States, No.039168 dated March 7, 2005 which related to prior convictions qualified as a predicate felony for armed career criminal act. The Shepard opinion, however, was not available to me at the federal holding facility law library when preparing my reply brief.

In Shepard V. United States, the government attempted to rely on police arrest reports (and the complaint applications they supported) to demonstrate that the defendant's conviction was in fact a "generic burglary" which qualifies as an ACCA predicate, even though nothing else in the record established this.

"The Supreme Court rejected this attempt, holding as a matter of statutory interpretation and in light of prior conviction in Taylor V. United States, 495 U.S. 575 (1990), that a court cannot rely on such documents (described as documents submitted to lower courts even prior to charges to determine whether a prior conviction qualified as an ACCA predicate".

The defendant submits that Shepard holding is identical to his pending

(1)

case before the court as a result of the government and the pre-sentence reporter's relied on police arrest to determining his prior convictions qualified as a predicate felony for career criminal act; and enhanced his criminal history category by 6; and offense level by 34 pursuant to 4A1.2(a)(1) and 4B1.1. See attached report. This is thereafter the court reduced the criminal history to 2 and offense level 30.

Accordingly, I respectfully asking you to add the Shepard's opinion and statutory interpretation to my pending case before the court under the advisory guidelines and the constitutional standards of Booker and Fanfan and remand the case for resentence.

Respectfully Submitted,

Collington Green, Pro-se

(2)

3

## Adjustment for Acceptance of Responsibility

13.  During the defendant's interview with the probation officer he indicated that he preferred to submit a written statement regarding his conduct. As of this writing, a statement has not been received. Nonetheless, during the defendant's guilty plea hearing he stated that he did in fact possess cocaine on June 25, 2002 and that he intended to distribute it to others. Based upon the defendant's statements made during the guilty plea hearing, a reduction pursuant to U.S.S.G. § 3E1.1, is recommended.

## Offense Level Computation

14.  The November 1, 2002 Sentencing Guidelines manual was used for the following calculations.

15.  Base Offense Level: The guideline for a 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) offense is found in Chapter Two, Part D - Offenses Involving Drugs, of the Sentencing Guidelines. Section 2D1.1(c) establishes a base offense level of 26 for the possession with intent to distribute at least 500 grams but less than two kilograms of cocaine.                                                                                      26

16.  Specific Offense Characteristic: None.                                              0

17.  Adjustment for Role in the Offense: None.                                        0

18.  Victim Related Adjustment: None.                                                  0

19.  Adjustment for Obstruction of Justice: None.                                    0

20.  Pursuant to the provisions of U.S.S.G. § 4B1.1, the defendant is a career offender, based upon his being (1) at least 18 years old at the time of the instant offense; (2) the instant offense is a felony that is a controlled substance offense; and (3) the defendant has two prior felony convictions for controlled substance offenses, including the November 26, 1996 conviction for Sale of Narcotics and the July 19, 2000 for Sale of Narcotics. Therefore, pursuant to the provisions of U.S.S.G. § 4B1.1, because the statutory maximum sentence that may be imposed in this matter is forty years, an Adjusted Offense Level of 34 would apply.                                              34

21.  Adjusted Offense Level (Subtotal):                                                34

4

22.  Adjustment for Acceptance of Responsibility. The defendant has admitted responsibility for the offense. Under Guideline § 3E1.1(a), a two level reduction is recommended. Because of the timely provision of full information about the offense, an additional one level reduction is recommended under Guideline §§ 3E1.1(b)(1). A total reduction of three levels is recommended.                                          -3

23.  Total Offense Level:                                                              31

# PART B.  THE DEFENDANT'S CRIMINAL HISTORY

## Criminal Convictions

24.  The defendant advised that he was represented by counsel in each of the following matters.

| Date of Arrest | Charge/ Agency | Date Sentence Imposed/Disposition | Guideline/ Score |
|---|---|---|---|
| 25.  11/26/96 (Age 30) | Sale of Narcotics Hartford, CT Police Department | 12/02/96: $500 fine Hartford Superior Court Dkt. No. CR96-0497540 | 4A1.1(c)  1 |

As detailed in the Hartford, Connecticut Police incident report, on November 26, 1996, officers assigned to the Asylum Hill Crime Unit were conducting surveillance on 57 Sumner Street, as a result of numerous complaints from area residents about illegal sales of narcotics at that location. While conducting surveillance, officers observed the defendant arrive in a motor vehicle and engage in a hand-to-hand narcotics transaction with another individual. Officers subsequently stopped the vehicle and removed the defendant from the driver's seat. Officers also removed a passenger from the vehicle (the individual who had engaged in the narcotics transaction with the defendant). While being questioned by the police, the passenger of the vehicle dropped an item on the ground. Officers retrieved the item and found it to be cocaine. Both individuals were arrested and charged with narcotics violations.

5

| 26. | 04/07/99<br>(Age 33) | Possession of<br>Narcotics<br>Hartford, CT<br>Police Department | 04/20/99:  3 years,<br>execution suspended;<br>3 years conditional discharge<br>Hartford Superior Court<br>Dkt. No. CR99-0534112 | 4A1.1(c) | 1 |

As detailed in the Hartford, Connecticut Police incident report, on April 6, 1996, officers assigned to the Frog Hollow Police Sub-Station were advised by a confidential informant that the defendant was known to sell large amounts of crack cocaine. The informant arranged to meet the defendant at a planned location, which was being surveilled by Hartford police officers. However, when the defendant arrived at the location he abruptly left. Officers subsequently stopped the vehicle that the defendant was operating and removed him from the vehicle. Officers observed a white powdery substance on the dashboard of the vehicle and what appeared to be a clear piece of plastic tucked into the dashboard. A search of the area produced 35 grams of crack cocaine. The defendant was arrested and charged with narcotics violations.

The record of the State of Connecticut, Office of Adult Probation indicates that the defendant successfully completed his three-year conditional discharge (unsupervised probation) term on April 20, 2002.

| 27. | 07/19/00<br>(Age 34) | Sale of<br>Narcotics<br>Hartford, CT<br>Police Department | 08/08/00: $1500 fine<br>Hartford Superior Court<br>Dkt. No. CR00-0544092 | 4A1.1(c) | 1 |

As detailed in the Hartford, Connecticut Police incident report, on July 19, 2000, officers assigned to the Albany Avenue area in Hartford were conducting surveillance as a result of numerous complaints from area residents about illegal sales of narcotics at that location. While watching the intersection of Vine Street and Albany Avenue, officers observed a black Nissan Maxima which was being operated by Collington Greent. Officers observed the defendant engage in a hand-to hand narcotics transaction and subsequently pulled over the vehicle. The defendant provided the officers with permission to search the vehicle and they uncovered a small plastic bag containing approximately one ounce of crack cocaine.