UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


COLLINGTON GREEN            :

        v.                  :    NO. 3:02CR184(EBB)

UNITED STATES OF AMERICA :

                    RULING ON MOTION FOR RELIEF
                    PURSUANT TO 28 U.S.C. § 2255

    Defendant has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed by this court on February 21, 2003, following his plea of guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Defendant alleges he received ineffective assistance of counsel in that his attorney failed to object to the sentence imposed by the court, failed to take an appeal and failed to file a motion to suppress.  He also alleges that the Supreme Court decisions in Blakely v. Washington, 542 U.S. ___ (2004), United States v. Booker, 543 U.S. ___ (2005) and Shepard v. United States, 544 U.S. ___ (2005) are applicable to his case, warranting resentencing.

    Defendant pleaded guilty on December 4, 2002, pursuant to a plea agreement in which the government agreed that, if defendant were classified as a career offender with a resulting sentencing guideline range of 188-235 months, the government would not oppose a downward departure on the basis that a Criminal History Category VI would significantly overrepresent the seriousness of his criminal history or the likelihood of recidivism.

The defendant's presentence report calculated his adjusted offense level as 34 determined from a base offense level of 26 for the possession with intent to distribute of at least 500 grams[1] but less than 2 kilograms of cocaine, adjusted upward to offense level 34 because defendant is a career offender and then downward 3 levels for acceptance of responsibility, resulting in a total adjusted offense level of 31.  Defendant's criminal history consisted of two state convictions for sale of narcotics and one for possession of narcotics.  Because defendant was over eighteen years of age at the time of the instant offense and had two prior felony convictions for sale of narcotics, he was classified as a career offender and, pursuant to U.S.S.G. § 4B1.1, he was placed in Criminal History Category VI with a resulting guideline range of 188 to 235 months.

At sentencing, defense counsel sought a downward departure essentially to the mandatory minimum five years.  The court determined to depart downward by eliminating enhancements required by the career offender status but considering as relevant conduct the crack cocaine also found in the vehicle resulting in an adjusted offense level of 27, a Criminal History category of II and a guideline range of 78 to 97 months.  The court sentenced defendant to a term of imprisonment of 97 months, followed by a supervised release term of 4 years.

---

[1] At his plea, defendant stated that over 500 grams of cocaine were involved in this offense.  Sentencing Transcript at 5.

<u>Ineffective Assistance of Counsel</u>

Defendant alleges counsel was ineffective in failing to object to the court's sentence which, initially,[2] he maintained should be 87, rather than 97, months and to appeal therefrom. Defendant contends that, under <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000), it was error for the court to factor in, as relevant conduct, his possession of cocaine base, because it was not charged in the indictment and found, beyond a reasonable doubt, by a jury.

In <u>Apprendi</u>, at 490 the Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Defendant's maximum statutory exposure was 40 years and his maximum guideline exposure was 235 months, both well in excess of the 97-month sentence he received. <u>Apprendi</u> is not applicable and furnishes him no grounds for relief.

Defendant also claims counsel was ineffective in failing to move to suppress the cocaine and cocaine base found in the vehicle he was driving, in the company of two children, at the time of his arrest.

Defendant was initially stopped by the Hartford police when he was seen driving without a seat belt as required by Connecticut law. It was then learned he was the subject of an

---

[2] In a later filing, defendant claims his sentence should be 27 months.

3

outstanding INS warrant pursuant to which he was placed under arrest. The passenger compartment of the car was then searched and 990 grams of cocaine were found hidden in a child's safety seat. Thereafter the Drug Enforcement Administration obtained a federal warrant to search the entire car and approximately 26 grams of crack cocaine were found under the carpeting on the driver's side of the vehicle.

The initial search of the passenger compartment was incident to, and contemporaneous with, the lawful arrest of the defendant and thus authorized. <u>New York</u> <u>v</u>. <u>Belton</u>, 453 U.S. 454, 460 (1981). Furthermore, on the arrest of the defendant, there was no other driver and the vehicle was impounded. In such a case, the impounded vehicle is subject to an inventory search, <u>Illinois</u> <u>v</u>. <u>Lafayette</u>, 462 U.S. 640, 643 (1983), during which, in any case, the cocaine would have been discovered. As previously noted, the cocaine base was found in the execution of a federal search warrant.

Counsel's decision not to file a motion to dismiss, which would have been unsuccessful on these facts, and to pursue a favorable plea agreement for his client does not amount to ineffective assistance but is reasonable strategy.

The Supreme Court has provided guidance to courts in addressing claims of ineffective assistance of counsel. In such cases the "court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct...the court must then

determine whether, in light of all the circumstances, the...acts or omissions [identified by the defendant] were outside the range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Defendant's claims as to the allegedly ineffective assistance of counsel, as discussed supra, are without merit.

### Blakely, Booker, Shepard

In Blakely v. Washington, 542 U.S. ___ (2004), the Supreme Court held that, where Washington state law mandated a standard sentence, unless the sentencing judge found aggravating circumstances justifying an exceptional sentence, such a finding by the judge violated the defendant's right to have a jury determine the existence of the aggravating fact. In United States v. Booker, 543 U.S. ___ (2005), the Court applied the holding in Blakely to the federal sentencing guidelines concluding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The Court excised the provision of the guidelines which made them mandatory, rendering them advisory and requiring the sentencing court to consider the guidelines range but permitting the court "to tailor the

sentence in light of other statutory considerations as well, see [18 U.S.C.A § 3553(a) (Supp. 2004)." Id., at ___. The Court held its decision was applicable to all cases pending on direct review and the Second Circuit Court of Appeals in Guzman v. United States, Doc. No. 3-2446-pr (April 8, 2005) held that Booker does not apply retroactively to cases on collateral review. It is therefore inapplicable to this motion.

Defendant's last claim is for relief under Shepard v. United States, 544 U.S. ___ (2005). In Shepard, the defendant, a previously convicted felon, pleaded guilty to a violation of 18 U.S.C. § 922(g)(1) which prohibits possession of a firearm by a convicted felon, Shepard's predicate felonies being four burglary convictions under Massachusetts law. The Armed Career Criminal Act, 18 US.C. § 924(e), mandates a minimum 15-year sentence for firearm possession after three prior convictions for drug offenses or violent felonies, identifying burglary as a violent felony only if committed in a building or enclosed space (generic burglary) not in a boat or motor vehicle. Shepard held that the sentencing court could not look to police reports or complaints to determine whether the burglary conviction fell within the definition of generic burglary but is generally limited to the statutory definition, the charging document, plea agreement, plea colloquy and factual findings by the trial judge to which the defendant assented.

Defendant Green's predicate felonies, as previously noted, which under U.S.S.G. § 4B1.1(a) also qualified him as a career

6

offender, were two state court convictions for sale of narcotics and one for possession of narcotics, the narcotics being cocaine and cocaine base.  There is no ambiguity about the nature of the predicate offenses.  Shepard, therefore, is inapplicable to this motion.  Furthermore, this court departed downward, eliminating the enhancement created by the application of the career criminal statute, which was, therefore, not factored into the defendant's sentence.

For the foregoing reasons, the motion [Doc. No. 25] is denied.  A certificate of appealability will not issue, defendant having failed to make a substantial showing of the denial of a constitutional right.

                         SO ORDERED.


                         _____
                         ELLEN BREE BURNS, SENIOR JUDGE
                         UNITED STATES DISTRICT COURT

   Dated at New Haven, CT, this ____ day of May, 2005.