UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:02cr184(EBB) |
| v. | : | |
| COLLINGTON GREEN | : | April 1, 2008 |

## RESPONSE TO DEFENDANT'S MOTION FOR RELIEF UNDER 18 USC § 3582

### I. Introduction

On March 24, 2008, the defendant filed a *pro se* motion requesting relief under 18 U.S.C. § 3582. The defendant is ineligible for relief both because (1) he is a career offender and the recent amendment to the crack guidelines did not lower his applicable guideline range and (2) his guideline range was based on a quantity of powder cocaine, not cocaine base.

### II. Procedural History

On December 4, 2002, the defendant Collington Green pleaded guilty to Count One of the Indictment that charged him with possession with intent to distribute of 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). As part of the plea agreement, the parties stipulated that the defendant's offense conduct involved at least 500 grams but less than 2 kilograms of cocaine.

On January 23, 2003, the United States Probation office issued its initial disclosure of the Presentence Report (hereinafter the "PSR"). The PSR classified the defendant as a career offender under U.S.S.G. § 4B1.1. Thus, the base offense level was 34 and the Criminal History Category was VI. Three levels were subtracted because the of the defendant's acceptance of responsibility under § 3E1.1, resulting in a total offense level of 31. With a criminal history

category of VI, the defendant was exposed to a period of incarceration of 188-235 months.  A 60 month minimum mandatory term of incarceration was applicable.

On February 26, 2003, the Court departed downward and sentenced the defendant to a term of incarceration of 97 months.

### III. The Defendant is Not Eligible for a Sentence Reduction Under 18 USC § 3582

#### A. The Defendant was a Career Offender

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended.  The defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 34 pursuant to Section 4B1.1.  That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing.  Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1).  Accordingly, the defendant may not receive any relief under Section 1B1.10.  Courts which have addressed the career offender scenario are unanimous in so holding.  See, e.g., United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

#### B. The Guideline Range was Calculated using a Stipulated Quantity of Powder Cocaine

The defendant is not entitled to relief for the simple reason that the case did not involve crack, and the defendant was not sentenced pursuant to the portions of section 2D1.1 altered by Amendment 706.  The relevant section of his plea agreement stated:

> The defendant admits that, for purposes of determining relevant conduct, at least 500 grams but less than two kilograms of cocaine can be attributed to him for sentencing purposes. U.S.S.G. § 1B1.3.

The defendant's offense involved powder cocaine, and there has been no change to the Guidelines applicable in this case. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because Amendment 706 and all other amendments listed in section 1B1.10(c) are inapplicable to the defendant, the defendant's motion should be summarily denied.

### IV. Conclusion

Because the defendant is not eligible for relief under 18 U.S.C. § 3582, his motion should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510

CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing has been filed electronically and mailed this 1st[h] day of April, 2008 to:

Collington Green
Reg No 14730-014
RCDC III
PO Box 2038
Pecos, Texas 79772

Richard Cramer, Esq.
250 Hudson Street
Hartford, CT 06106

Ray Lopez, USPO


_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY